**AFFIRMED as Modified; Opinion Filed April 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01666-CR

No. 05-12-01667-CR

**ERASMO GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-58343-Y & F10-61584-Y**

## MEMORANDUM OPINION
Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

Appellant Erasmo Garcia appeals from judgments in two cases. On April 7, 2011, in 05–12–01667–CR (trial court cause F10–61584–Y), appellant pleaded guilty to burglary of a habitation. The trial court deferred a finding of guilt, placed appellant on community supervision for three years, and imposed a $2,500 fine. On June 30, 2011, the State filed a motion to proceed with adjudication of guilt in 05–12–01667–CR, alleging appellant violated the terms of his community supervision on various grounds, including by committing an assault and contacting the burglary victim. On August 9, 2011, an indictment was filed in 05–12–01666–CR (trial court cause F11–58343–Y) alleging appellant committed the offense of retaliation. The indictment contained two enhancement paragraphs alleging prior felony convictions. The motion to adjudicate was amended twice to include additional allegations; in particular that appellant

committed the retaliation offense in 05–12–01666–CR. On December 5, 2012, a jury convicted appellant of retaliation and, based on his plea of true to the indictment's two enhancement paragraphs, imposed a punishment of forty-five years' imprisonment. On that same day, a hearing was held on the State's motion to adjudicate. Appellant pleaded not true to the allegations in the motion. After finding the allegations in the motion true, the trial court found appellant guilty and sentenced him to twenty-five years in prison, to run concurrently with the forty-five year sentence assessed in 05–12–01666–CR.

In three issues, appellant argues (1) the trial court violated his right to the presumption of innocence in 05–12–01666–CR by denying appellant's motion to remove his leg shackles during trial; (2) there is insufficient evidence in the record to support the trial court's order for appellant to pay $264 in court costs 05–12–01666–CR; and (3) the judgment in 05–12–01667–CR should be modified to show appellant's plea of not true to the motion to proceed with adjudication of guilt. As modified, we affirm the trial court's judgments.

## DISCUSSION

### *Physical Restraints*

In his first issue, appellant contends the trial court violated his right to the presumption of innocence by denying appellant's motion to remove his leg shackles during trial in cause 05–12–01666–CR.

According to the record, the issue of shackling was raised just before trial, when the trial court asked the parties if there was anything they wanted to put on the record. The relevant portion of the record reads as follows:

THE COURT: All right. Anything else from the defense?

[DEFENSE COUNSEL:] Yes. We have—the defendant, Your Honor, has an oral motion concerning the bracelets around his legs. Go ahead.

[APPELLANT]: Is there any way that I can have these removed while I'm in trial?

THE COURT: No, sir. It's a matter of security.

[APPELLANT]: Yes, sir.

THE COURT: Okay. I would, if I could, but it's a matter of security. You seem to be a very docile and courteous fellow, but I can't take a chance.

[APPELLANT]: Yes, sir. I understand.

THE COURT: All right. Anything else from the state?

[PROSECUTOR]: No, Your Honor.

THE COURT: From the defense?

[DEFENSE COUNSEL]: No, Your Honor

THE COURT: All right. We're in recess.

The decision to use physical restraints must be made by the trial court on a case-by-case basis, and the use of such restraints will necessitate reversal only when the decision constitutes an abuse of discretion and results in harm. *Taylor v. State*, 279 S.W.3d 818, 821 (Tex. App.—Eastland 2008, pet. ref'd). To preserve error for appeal, a party must present to the trial court a timely and specific objection. TEX. R. APP. P. 33.1. Furthermore, the complaint on appeal must comport with the objection at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). In addition, the objection must be made at the earliest possible opportunity. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

Appellant made a general request regarding the leg restraints but gave no reason for the request, nor did he state the complaint he alleges on appeal—the use of the restraints infringed upon the presumption of innocence. Because appellant failed to lodge a timely and specific trial objection that comports with the argument he raises on appeal, he did not preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1; *Taylor*, 279 S.W.3d at 821; *Kelley v. State*, No. 05–09–01438, 2012 WL 2628074, at *5 (Tex. App.—Dallas July 6, 2012, pet. ref'd) (mem. op.,

not designated for publication); *Molett v. State*, No. 05–08–00728–CR, 2009 WL 824761, at *7 (Tex. App.—Dallas March 31, 2009, pet. ref'd) (not designated for publication); *Hervey v. State*, No. 05–06–00268–CR, 2007 WL 882489, at *2 (Tex. App.—Dallas March 26, 2007, no pet.) (not designated for publication).  We overrule appellant's first issue.

### *Court Costs*

In his second issue, appellant argues the evidence is insufficient to support the trial court's order in cause 05–12–01666–CR for him to pay $264 in court costs.  He requests that we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record filed in this case does not contain an itemized bill of costs.  After appellant filed his brief, however, the clerk's record was supplemented and now contains an itemized bill of costs.  Specifically, the supplemental clerk's record contains a computer printout itemizing the costs assessed in the case and showing a total of $264 in court costs, and an explanation of the abbreviations used in the itemization.  The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk.   Because the clerk's record now contains a cost bill that supports the costs assessed in the judgment, appellant's complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is, therefore, moot.  *See Johnson v. State*, No. PD–0193–13, 2014 WL 714736, at *4 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd).  Accordingly we overrule appellant's second issue.[1]

### *Modification of Judgment*

In his third issue, appellant contends the judgment in 05–12–01667–CR should be modified to reflect that appellant pleaded not true to the State's amended motion to adjudicate.

---

[1] In his original brief and his objections, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address those matters.

–4–

The State agrees that the judgment should be so modified.

The judgment in 05–12–01667–CR states that appellant pleaded true to the State's amended motion to adjudicate. At the hearing on December 5, 2012, however, appellant pleaded not true to the allegations in the motion.[2]

This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607,609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526,531 (Tex. App.—Dallas 1991, pet. ref'd). We therefore sustain appellant's third issue and modify the judgment in 05–12–01667–CR to reflect that appellant pleaded not true to the allegations in the State's amended motion to adjudicate.

As modified, we affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121666F.U05

---

[2] In issuing its ruling, the trial court incorrectly stated that it accepted appellant's plea of true.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERASMO GARCIA, Appellant

No. 05-12-01666-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-58343-Y.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of April, 2014.

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERASMO GARCIA, Appellant

No. 05-12-01667-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-61584-Y.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Adjudicate:  TRUE" should be changed to "Plea to Motion to Adjudicate:  NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.  We direct the trial court to enter a new judgment that reflects this modification.

Judgment entered this 2nd day of April, 2014.

/Lana Myers/
LANA MYERS
JUSTICE